**Guelich Explosive Co. v. Soberdash Coal Co.**

*William L. Puchnick,* for plaintiff.
*John P. Vetica, Jr.,* for defendants.
*Joel B. Gold,* for Pittsburgh National Bank.

FIKE, *P.J.,* December 8, 1992—This case is before the court on a petition to dissolve attachment filed by defendant, Soberdash Coal Company. Soberdash seeks dissolution of the attachment of its bank accounts held at Pittsburgh National Bank. The accounts were attached pursuant to a writ of execution filed by plaintiff.

On or about February 19, 1991, the parties entered into a settlement agreement. The agreement provided, inter alia, that judgment was to be entered in favor of plaintiff and against defendants in the Court of Common Pleas, Somerset County. Following entry of judgment, plaintiff initiated execution proceedings. On June 26, 1991, plaintiff served interrogatories in attachment upon garnishee, Pittsburgh National Bank.

On or about June 28, 1991, pursuant to the Pennsylvania Rules of Civil Procedure, the garnishee, Pittsburgh National Bank, gave notice to Soberdash that a writ of execution had been served on the Bank and that, as a result, all of Soberdash's accounts had been frozen.[1]

On July 19, 1991, Soberdash filed the instant petition to dissolve attachment. A rule was issued and plaintiff and garnishee were ordered to show cause why attachment of the accounts should not be stricken and the funds released. The accounts at issue are: (1) a general operating account; (2) a payroll account (no. 033447); (3) a profit sharing plan account (no. 564432); (4) a liquid deposit profit sharing account (no. 084-72-7716460); (5) a pension

1. The accounts of Dash Coal Co., Inc., are not in dispute and are not part of this action.

plan account (no. 564539); and (6) a liquid deposit pension plan account (no. 084-72-7716461).

Soberdash contends that, with the exception of the general operating account, all are special bank accounts creating a relationship between the garnishee and Soberdash of bailor and bailee; that these special deposits are in the nature of trust accounts for which preference must be given to the beneficiaries of the trust, namely, the eligible employees of Soberdash; and that because of these characteristics, the accounts cannot be attached by a judgment creditor.

Conversely, plaintiff contends that the aforesaid accounts are not special bank accounts but rather general depository accounts and thus, are subject to attachment. Plaintiff claims, in addition, that attachment of the pension and profit sharing accounts is permitted by 42 Pa.C.S. §8124(b)(1)(ix)(B), which allows attachment of "amounts contributed by the debtor to [a] retirement or annuity fund in excess of $15,000 within a one-year period."

We have concluded that, since no real restrictions are placed upon the payroll account and since the funds in that account may be used for any purpose, the account is a general depository account and as such, is attachable by plaintiff/judgment creditor.

On the other hand, we have determined that the pension and profit sharing accounts are special accounts and thus cannot be attached.

## DISCUSSION

As a general principle, a judgment creditor may attach the general bank deposits of the debtor. *Austin-Nichols Co., Inc. v. Union Trust Co. of Pittsburgh,* 289 Pa. 341, 137 A. 461 (1927). In essence, the judgment credi-

tor stands in the shoes of the debtor/depositor and thus, is entitled to the funds located in the account upon demand.[2] Special bank deposits made expressly for a particular purpose, however, cannot generally be attached to satisfy the depositor's general obligations. *Id.* at 347, 137 A. at 463. Where bank deposits are considered special, the funds are said to be held "in trust" for the benefit of the third party. *Id.* at 348-349, 137 A. at 463-464.

Under Pennsylvania law, whether a deposit account is general or special and for a specific purpose depends upon the attending facts and the circumstances surrounding its making. *U.S. v. Carlow,* 323 F. Supp. 1310, 1315 (W.D. Pa. 1971); *Austin-Nichols Co., Inc. v. Union Trust Co. of Pittsburgh, supra* at 348, 137 A. at 463. In situations where a debtor deposits money into an account to be used solely for a particular purpose, and the power to withdraw for other purposes is limited, a special account for specific purpose exists. *Austin-Nichols, supra* at 348, 137 A. at 463-464. So long as the debtor may not use the account to satisfy general obligations as well as those obligations for which the account was established, the account is special. *Id.* at 349, 137 A. at 463-464.

Although research revealed no Pennsylvania authority in which accounts and restrictions of the type involved here were at issue, the Kansas Court of Appeals confronted a similar question in *Capital Services, Inc. v. Dahlinger Pontiac-Cadillac, Inc.,* 10 Kan.App.2d 328, 699 P.2d 549 (1985). Although not controlling, the case offers insight into the type of restrictions which are regarded as sufficiently limiting to qualify an account as special. In *Dahlinger Pontiac-Cadillac,* a judgment creditor effected

---

2. A general depository account creates the relationship of debtor and creditor between bank and depositor. The depositor becomes a creditor of the bank. *U.S. v. Carlow,* 323 F. Supp. 1310 (W.D. Pa. 1971).

garnishment of an account which Dahlinger had established to provide funds for its payroll. *Id.* at 550. At the time the account was created, Dahlinger was suffering financial difficulty and through an overdraft arrangement, the bank loaned Dahlinger the funds to meet its payroll by advancing money into the payroll account. *Id.* The bank and Dahlinger had entered into an agreement which placed restrictions on the account. The agreement provided that Dahlinger could draw checks on the account only for purposes of payroll and that the bank would review the checks on a daily basis to determine whether or not the checks should be paid. *Id.* at 550-552. The court held that the account was special because Dahlinger could not use the money in the account for other purposes. Consequently, the account was not subject to attachment by the judgment creditor. *Id.* at 553.

Similarly, in the matter sub judice, the debtor, Soberdash, created the liquid deposit pension plan account (no. 084-72-7716461) and the corresponding pension plan checking account (no. 564539) for the sole purpose of paying pension and retirement benefits to its vested employees. The debtor could only transfer funds from the liquid deposit fund account into the corresponding pension checking account. The debtor could not use those funds to satisfy its general operating expenses. Although the bank did not scrutinize every transaction, we find that the restrictions placed upon the account are sufficient to warrant classification of the liquid deposit pension plan account and the pension plan checking account as special and for a specific purpose. Thus, these accounts are not subject to attachment.

The profit sharing plan accounts were established under similar arrangements. The liquid deposit profit sharing account (no. 084-72-7716460) and the corresponding profit sharing plan (no. 564432) were established for the sole purpose of satisfying obligations

owed to Soberdash's employees under Soberdash's profit sharing plan. Similar to the pension checking account and the liquid deposit pension plan account, Soberdash could transfer monies from the liquid deposit profit sharing plan account only to the corresponding profit sharing checking account. Funds could be used only for the purpose of satisfying those obligations and not for general operating expenses. Thus, we classify the profit sharing accounts as special, also.

As special accounts established for a specific purpose, a trust or fiduciary relationship was created.[3] Since held in trust, the accounts cannot be attached by Soberdash's general creditors.

Plaintiff claims in addition, however, that the accounts are subject to attachment pursuant to 42 Pa.C.S. §8124 (b)(1)(ix)(B), which allows execution on "amounts contributed by the debtor to [a] retirement or annuity fund in excess of $15,000 within a one-year period." We disagree. While the statute may permit a judgment-creditor to attach funds deposited by a beneficiary of a plan, the provision is not applicable where the judgment creditor is seeking to attach the deposit account of the creator of the plan. 42 Pa.C.S. §8124 is applicable only in those situations where the judgment debtor is the employee and beneficiary.

The payroll account must be viewed differently, however. As we have seen, an account is special and thereby not subject to attachment only if it is created for a

---

3. In this connection we refer, also, to the Employee Retirement Income Security Act of 1974. Under ERISA, all assets of an employee benefit plan are held in trust by one or more trustees. 29 U.S.C.S. §1103. The relationship created by formation of an employee pension plan or profit sharing plan is that of trustee and beneficiary. In the case at bar, both the profit sharing plan and the pension plan are governed by ERISA.

specific purpose and if funds from that account can be used only for that purpose. See *Austin-Nichols Co., Inc. v. Union Trust Co. of Pittsburgh, supra.* Unlike Soberdash's payroll and profit sharing accounts, the payroll account had no restriction imposed upon it. While we recognize that the account was used by Soberdash only to pay payroll and taxes related to payroll, this restriction was self-imposed. (See: Soberdash deposition, pp. 6-7.) Since not subject to restriction, we conclude that the payroll account is a general account, subject to plaintiff's attachment.

## CONCLUSION

The subject pension and profit sharing accounts are special depository accounts established for a specific purpose. The funds may be used only for the purpose of satisfying obligations owed to vested employees. In addition, the plans established by the defendant create a trust relationship between employer and employee. Consequently, the pension and profit sharing accounts are not subject to attachment.

Conversely, no restrictions exist with respect to the payroll account. Thus, such account is a general depository account and, therefore, attachable by the judgment creditor.

## ORDER

Now, December 8, 1992, it is ordered that the petition by Soberdash Coal Company to dissolve attachment is granted in part and denied in part as follows:

(1) It is ordered that the petition to dissolve attachment is granted with respect to the following accounts: Profit sharing plan account—no. 564432; Pension plan account—no. 564539; Liquid deposit profit sharing ac-

count—no. 084-72-7716460; Liquid deposit pension plan account—no. 084-72-7716461.

The attachment is dissolved and the garnishee, Pittsburgh National Bank, may release the above identified accounts.

(2) It is ordered that the petition to dissolve attachment is denied with respect to the following accounts, which shall remain subject to the attachment: General operating account; Payroll account—no. 033447.

(3) The stay of proceedings imposed by prior order of July 19, 1991, is vacated.